BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

ANDREW G.I. KILBERG (*pro hac vice* application forthcoming)
  akilberg@gibsondunn.com
VICTORIA C. GRANDA (*pro hac vice* application forthcoming)
  vgranda@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  202.955.8500
Facsimile:   202.467.0539

*Attorneys for Amazon.com Services LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRISTIAN BARRERA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC, a Delaware limited liability company, and DOES 1 through 100, Inclusive,<br><br>Defendants. | CASE NO. 2:21-cv-09956<br><br>**DEFENDANT AMAZON.COM SERVICES LLC'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(Orange County Superior Court Case No. 30-2021-01231643-CU-OE-CXC)<br><br>Action Filed:    November 12, 2021<br>Trial Date:       None Set |

# TABLE OF CONTENTS

Page

I. TIMELINESS OF REMOVAL ..................................................................................... 1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ........... 2

    A. The Proposed Class Consists Of More Than 100 Members ....................... 3

    B. Amazon and Plaintiff Are Not Citizens Of The Same State ...................... 4

    C. The Amount In Controversy Exceeds $5 Million ..................................... 5

III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER ............ 10

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Arias v. Residence Inn by Marriott*,
   936 F.3d 920 (9th Cir. 2019) ................................................................................................ 6, 7

*Ayala v. Cox Auto Ins. Co. v. Dyer*,
   2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) ............................................................................ 5

*Campbell v. Vitran Express, Inc.*,
   471 F. App'x 646 (9th Cir. 2012) ............................................................................................. 6

*Crummie v. CertifiedSafety, Inc.*,
   2017 WL 4544747 (N.D. Cal. Oct. 11, 2017) ....................................................................... 8, 9

*Dart Cherokee Basin Operating Co. v. Owens*,
   574 U.S. 81 (2014) .......................................................................................................... 5, 6, 7

*Johnson v. Columbia Props. Anchorage. LP*,
   437 F.3d 894 (9th Cir. 2006) .................................................................................................... 5

*Kantor v. Wellesley Galleries, Ltd.*,
   704 F.2d 1088 (9th Cir. 1983) .................................................................................................. 5

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
   199 F. Supp. 2d 993 (C.D. Cal. 2002) ...................................................................................... 6

*Korn v. Polo Ralph Lauren Corp.*,
   536 F. Supp. 2d 1199 (E.D. Cal. 2008) .................................................................................... 6

*LaCross v. Knight Transp. Inc.*,
   775 F.3d 1200 (9th Cir. 2015) .................................................................................................. 6

*Lewis v. Verizon Commc'ns, Inc.*,
   627 F.3d 395 (9th Cir. 2010) .................................................................................................... 6

*Mamika v. Barca*,
   68 Cal. App. 4th 487 (1998) ..................................................................................................... 8

*Marentes v. Key Energy Servs. Cal., Inc.*,
   2015 WL 756516 (E.D. Cal. Feb. 23, 2015) ............................................................................ 8

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES (*continued*)

Page(s)

*Pineda v. Bank of Am., N.A.*,
   50 Cal. 4th 1389 (2010) ............................................................................................ 7

*Rippee v. Boston Mkt. Corp.*,
   408 F. Supp. 2d 982 (S.D. Cal. 2005) ...................................................................... 6

*Salter v. Quality Carriers, Inc.*,
   974 F.3d 959 (9th Cir. 2020) ................................................................................ 6, 7

*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) .................................................................................................. 6

*State Farm Mut. Auto Ins. Co. v. Dyer*,
   19 F.3d 514 (10th Cir. 1994) .................................................................................... 5

*Tajonar v. Echosphere, L.L.C.*,
   2015 WL 4064642 (S.D. Cal. July 2, 2015) ............................................................. 8

**STATUTES**

28 U.S.C. § 84(c) ............................................................................................................ 10

28 U.S.C. § 1332 ......................................................................................... 1, 2, 3, 4, 5, 10

28 U.S.C. § 1441 ...................................................................................................... 2, 3, 10

28 U.S.C. § 1446 ...................................................................................................... 1, 10, 11

28 U.S.C. § 1453 ......................................................................................................... 1, 2, 10

28 U.S.C. § 1711 ................................................................................................................. 1

Cal. Civ. Proc. Code § 338(a) ........................................................................................... 7

Cal. Civ. Proc. Code § 382 ............................................................................................... 2

Cal. Lab. Code § 201 ........................................................................................................ 7

Cal. Lab. Code § 202 ........................................................................................................ 7

Cal. Lab. Code § 203 ........................................................................................................ 7

**TABLE OF AUTHORITIES** (*continued*)

Page(s)

**REGULATIONS**

Cal. Code Regs., tit. 8, § 13520 ................................................................................... 8

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF CRISTIAN BARRERA AND HIS COUNSEL OF RECORD.

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendant Amazon.com Services LLC ("Amazon") hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. 30-2021-01231643-CU-OE-CXC in Orange County Superior Court, State of California. Removal is proper on the following grounds:

## I.   TIMELINESS OF REMOVAL

1. Plaintiff Cristian Barrera ("Plaintiff") filed a putative Class Action Complaint against Amazon.com Services LLC ("Amazon" or "Defendant") in Orange County Superior Court, State of California, Case No. 30-2021-01231643-CU-OE-CXC, on November 12, 2021. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Proof of Service of Summons, (e) Minute Order for Chambers Work on December 21, 2021, (f) Clerk's Certificate of Service of the December 21, 2021 Minute Order, (g) Notice of Appearance of Bradley J. Hamburger, (h) Amazon's Notice of Payment of Complex Case Fees, and (i) Register of Actions are attached as Exhibits A–I to the Declaration of Bradley J. Hamburger ("Hamburger Decl.") filed concurrently here.

2. According to the proof of service filed by Plaintiff with the Orange County Superior Court, Plaintiff personally served Amazon through its registered agent for service of process on November 29, 2021. *See* Hamburger Decl. ¶ 5, Ex. D. Consequently, service was completed on November 29, 2021. This notice of removal is timely because it is filed within 30 days after service was completed. 28 U.S.C. § 1446(b).

## II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3. Removal is pursuant to 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Amazon pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4. CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under California Code of Civil Procedure § 382, California's state statute or rule authorizing an action to be brought by one or more representative persons as a class action. *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Hamburger Decl. Ex. B, Compl. ¶ 1.

5. Plaintiff asserts that "[t]his action has been brought and may properly be maintained as a class action" and asks this Court to "certify[] that Plaintiff may pursue his claims against Defendant as a class action." Hamburger Decl. Ex. B, Compl. ¶ 16; *id.*, Compl., Prayer for Relief. He "seeks to represent three Classes" of individuals, which Plaintiff refers to as the "Non-Exempt Employee Class,"[1] the "Late Pay Class,"[2] and the "Wage Statement Class."[3] *Id.*, Compl. ¶ 14.

6. In his Complaint, Plaintiff alleges five causes of action against Amazon: (1) failure to pay overtime wages; (2) failure to pay minimum wages; (3) failure to pay

---

[1] "All current and former employees of Defendants within the State of California at any time commencing four (4) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class." Hamburger Decl., Ex. B, Compl. ¶ 14.

[2] "All former employees of Defendants within the State of California at any time commencing three (3) years preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided to the class, who did not receive all their wages upon termination and or resignation of their employment." *Id.*

[3] "All current and former employees of Defendants within the State of California, to whom, at any time commencing one (1) year preceding the filing of Plaintiff's complaint up until the time that notice of the class action is provided ot the class, were provided with wage statements." *Id.*

Gibson, Dunn & Crutcher LLP

2

all wages upon separation; (4) failure to provide accurate wage statements; and (5) violation of California's Unfair Competition Law ("UCL").

7. Among other things, Plaintiff alleges that putative class members are entitled to damages for unpaid wages, statutory penalties for late payment of wages and inaccurate wage statements, interest, and attorneys' fees and costs. *See* Hamburger Decl. Ex. B, Compl., Prayer for Relief.

8. Removal of class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d), 1441.

9. Amazon denies liability in this case, both as to Plaintiff's claims and as to the claims he seeks to pursue on behalf of the putative class. Amazon also intends to oppose class certification and believes that class treatment is inappropriate under these circumstances in part because there are differences between the experiences of Plaintiff and the putative class members he seeks to represent. Amazon expressly reserves all rights to oppose class certification and to contest the merits of all claims asserted in the Complaint. But for purposes of the jurisdiction requirements for removal only, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million. *See* 28 U.S.C. § 1332(d)(6).

**A.  The Proposed Class Consists Of More Than 100 Members**

10. Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

11. Plaintiff's proposed class action consists of three Classes, as described above. *See supra* ¶ 5 & nn.1–3. Based on Plaintiff's definition contained in the Complaint, the putative Late Pay Class contains, at a minimum, 2,500 full-time, non-exempt employees who worked for Amazon in California and resigned or were

terminated between May 1, 2020 and November 30, 2020. Declaration of Prather ("Prather Decl.") ¶ 3.

12. Plaintiff purports to represent one class of persons employed since November 12, 2017, one class of persons employed since November 12, 2018, and one class of persons employed since November 12, 2020. All of Plaintiff's claims arise from "requiring Plaintiff and other California non-exempt employees to wait in line for COVID-19 temperature checks prior to the start of their shift and not compensating them for this work time." Hamburger Decl. Ex. B, Compl. ¶ 10. As such, the Late Pay Class definition is facially overbroad because COVID-19 was not known to be widespread in the United States until the spring of 2020. Nevertheless, using an assumption that COVID-19 temperature screening was occurring between May 1, 2020 and November 30, 2020, Amazon estimates that the Late Pay Class contains at the very least 2,500 full-time, non-exempt employees who worked for Amazon in California and resigned or were terminated between May 1, 2020 and November 30, 2020. Prather Decl. ¶ 3. And this figure underestimates the size of the class in a few ways. First, it is temporally limited to a portion of the putative class period. Second, it represents only individuals employed by Amazon full-time in the State of California who resigned or were terminated. Third, Amazon has provided a conservative low-range estimate of the number of full-time employees in California who resigned or were terminated during the given time period.[4]

13. Accordingly, while Amazon denies that class treatment is appropriate, the proposed class consists of well over 100 members.

**B.   Amazon and Plaintiff Are Not Citizens Of The Same State**

14. Under CAFA's minimum diversity of citizenship requirement, the plaintiff or any member of the putative class must be a citizen of a different state from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

---

[4] The other two putative classes also consist of well over 100 members.

15. A person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A party's residence is prima facie evidence of his or her domicile. *Ayala v. Cox Auto Ins. Co. v. Dyer*, 2016 WL 6561284, at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff alleges that he "is a resident of the State of California." Hamburger Decl., Ex. B, Compl. ¶ 6. Plaintiff is therefore considered a citizen of California for purposes of removal. *See Ayala*, 2016 WL 6561284, at *4.

16. A corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage. LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant is a limited liability company organized under the laws of Delaware and has its principal place of business in Seattle, Washington. Declaration of Brown ¶ 2. Amazon.com, Inc. is the sole member of Defendant, and Defendant is wholly owned by Amazon.com, Inc., which is a Delaware corporation with its principal place of business in Washington. *Id.* As such, Defendant is a citizen of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899.

17. Accordingly, Plaintiff and Defendant are citizens of different states and CAFA's minimal diversity requirement is met. 28 U.S.C. § 1332(d)(2)(A).

**C.  The Amount In Controversy Exceeds $5 Million**

18. CAFA requires that the amount in controversy in a class action exceeds $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. 28 U.S.C. § 1332(d)(6).

19. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a

defendant may rely on a "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015). "An assumption may be reasonable if it is founded on the allegations of the complaint." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements.") (quotation marks and citations omitted)). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87. Importantly, Plaintiffs seeking to represent a putative class cannot "bind the absent class" through statements aimed to limit their recovery in an effort to "avoid removal to federal court." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595-96 (2013).

20.  Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

21.  Amazon denies that Plaintiff's claims have any merit, but for purposes of meeting the jurisdictional requirement for removal *only*, Amazon alleges that if Plaintiff

Gibson, Dunn & Crutcher LLP

6

were to prevail on every claim and allegation in his Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

22. Amazon reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 87-89; *see also Salter*, 974 F.3d at 959 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings" require the removing defendant to "support his jurisdictional allegations with competent proof") (quotation marks and citations omitted)). "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924. But for present purposes, it is sufficient to note that Plaintiff's claim for waiting time penalties under Labor Code section 203 (Plaintiff's Third Cause of Action) *alone* puts more than $5 million in controversy.

23. Plaintiff alleges that he and other members of the Late Pay Class, who ended their employment with Amazon during the three-year period prior to filing this Complaint—November 12, 2018 to November 12, 2021—"are entitled to penalty wages" pursuant to Labor Code Section 203. Hamburger Decl., Ex. B., Compl. ¶ 41.[5]

24. If an employer willfully fails to pay all wages due to an employee at the time of termination, as required by Labor Code section 201, or within 72 hours after resignation, as required by Labor Code section 202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced," but not to exceed 30 calendar days. Cal. Lab. Code § 203. An employer's

---

[5] The statute of limitations for an action under Labor Code section 203 is three years. Cal. Civ. Proc. Code § 338(a); Cal. Lab. Code § 203(b); *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1397 (2010). As noted below, Amazon will estimate the amount in controversy based on a time period shorter than three years.

failure to pay wages within the statutory time frame must be *willful*, meaning "an employer *intentionally* fails to pay wages to an employee when those wages are due"; an employer may not be liable for these penalties if "a good faith dispute" exists as to whether the wages are owed. Cal. Code Regs., tit. 8, § 13520 (emphasis added).

25. To calculate the penalties for failure to pay all wages upon termination, the employee's daily rate of pay is multiplied by a maximum of 30 days, depending on the length of delay in receipt of wages. *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998) (holding the waiting time penalty is "equivalent to the employee's daily wages for each day he or she remained unpaid up to a total of 30 days" and noting that the "critical computation" is "the calculation of a daily wage rate, which can then be multiplied by the number of days of nonpayment, up to 30 days."); *Tajonar v. Echosphere, L.L.C.*, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015). When final "wages [due] are alleged to have not been paid, the full thirty days may be used for each of the putative class members." *Marentes v. Key Energy Servs. Cal., Inc.*, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015); *see also Crummie v. CertifiedSafety, Inc.*, 2017 WL 4544747, at *3 (N.D. Cal. Oct. 11, 2017) (where plaintiff alleges "putative class members were owed (and are still owed)" wages, it is "completely reasonable to assume waiting time penalties accrued to the thirty-day limit").

26. Amazon denies that any such penalties are owed to Plaintiff or any member of the Late Pay Class, but for purposes of this jurisdictional analysis *only*, Amazon relies on Plaintiff's allegations that the penalties are owed. Plaintiff alleges that he "and other members of the Late Pay Class are entitled to penalty wages from the date their earned and unpaid wages were due, upon termination, until paid, up to a maximum of 30 days" and have suffered damages "to the extent they were not paid for all wages earned prior to termination" and "all penalty wages owed under Labor Code § 203." Hamburger Decl., Ex. B, Compl. ¶¶ 41–43. Plaintiff's claim is therefore derivative of his other unpaid wage and overtime claims. Accordingly, based on these allegations, it is

Gibson, Dunn & Crutcher LLP

reasonable to assume that each putative class member is entitled to the thirty days' wages as a penalty. *See Crummie*, 2017 WL 4544747, at *3.

27. As noted above, at the very least 2,500 full-time, non-exempt employees in California resigned or were terminated between May 1, 2020 and November 30, 2020. Prather Decl. ¶ 3.[6] The minimum starting hourly rate of pay as of May 1, 2020 was $15.00. *Id.*

28. If, as Plaintiff alleges, individuals who left the employment of Amazon during the three years preceding the filing of the complaint are owed waiting time penalties, the amount in controversy with respect to the penalty wages claim for just the 2,500 full-time employees who Amazon conservatively estimates were terminated or resigned from May 1, 2020 through November 30, 2020 would be at least **$6,750,000**, calculated as follows:

| $15 minimum hourly rate x 6 hours per day:[7] | $90 daily rate |
| --- | --- |
| $90 x 30 days maximum penalty: | $2,700 per employee |
| Amount in controversy for waiting time penalties, based on Plaintiff's allegations and conservative estimates ($2,700 x 2,500 employees): | **$6,750,000** |

29. Plaintiff's Third Cause of Action for waiting time penalties alone thus places more than $6 million in controversy. This amount in controversy calculation is

---

[6] This is only a fraction of the putative class Plaintiff seeks to represent, as this figure does not include part-time or seasonal employees and is a low-range estimate of the number of full-time employees who resigned or were terminated during the given time period. Further, the time frame has been shortened to a reasonable assumption of when COVID-19 temperature screening was occurring pursuant to Plaintiff's allegations.

[7] This is a conservative estimate given that full-time employees ordinarily would work more than 6 hours per day and that the hourly rate used is the *minimum* starting hourly rate, which is necessarily less than the average rate of pay for the putative class during the time period examined. *See* Prather Decl. ¶ 3.

conservative and under-estimates the total amount placed in controversy by Plaintiff's complaint because it is based on conservative assumptions about Plaintiff's class allegations and does not account for any recovery sought for failure to pay lawful wages including overtime wages and/or minimum wages (First and Second Causes of Action), failure to provide accurate wage statements (Fourth Cause of Action), or violation of the UCL (Fifth Cause of Action).

30. Accordingly, the $5 million jurisdictional amount-in-controversy requirement is exceeded, and removal to this Court is proper under CAFA.

### III.   THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

31. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

a) This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

b) The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

c) The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

d) At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

32. The United States District Court for the Central District of California is the federal judicial district in which the Orange County Superior Court sits.  This action was originally filed in the Orange County Superior Court, rendering venue in this federal judicial district proper.  28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

33. True and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Proof of Service of Summons, (e) Minute Order for Chambers Work on December 21, 2021, (f) Clerk's Certificate of Service of the

Gibson, Dunn & Crutcher LLP

December 21, 2021 Minute Order, (g) Notice of Appearance of Bradley J. Hamburger, (h) Amazon's Notice of Payment of Complex Case Fees, and (i) Register of Actions are attached as Exhibits A–I to the Declaration of Bradley J. Hamburger, filed concurrently herewith.  These filings constitute the complete record of all records and proceedings in the state court.

34. Upon filing the Notice of Removal, Amazon will furnish written notice to Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the Orange County Superior Court, pursuant to 28 U.S.C. § 1446(d).

Dated:  December 28, 2021

BRADLEY J. HAMBURGER
GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Bradley J. Hamburger*
        Bradley J. Hamburger

*Attorney for Defendant
Amazon.com Services LLC*